**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DALE W. JACKSON** | ) | |
| | ) | |
| v. | ) | 3-09-CV-1166-N |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type of Case**:  This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254

**Parties**: The Petitioner is an inmate confined at the Texas Department of Criminal Justice, Correctional Institutions Division, Jester III Unit, Richmond, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of Case**:   On his plea of not guilty to the offense of possession with intent to distribute a controlled substance as alleged in the indictment returned in Cause No. F-05-50118-TNU Jackson was tried by a jury which returned a verdict of guilty and also found that he had used a firearm during the commission of the offense.  Thereafter the trial court found that he had committed the offense alleged in the first enhancement paragraph of the indictment and sentenced

to him a term of 25 years confinement in the Texas Department of Criminal Justice. Jackson appealed his conviction but his court appointed appellate counsel filed a motion to dismiss together with an *Anders* brief. Jackson was permitted to file his own *pro se* appellate brief and on August 1, 2007, the Fifth Court of Appeals at Dallas affirmed the conviction in an unpublished opinion finding that the appeal was frivolous and without merit. Jackson sought to file a *pro se* petition for discretionary review in the Texas Court of Criminal Appeals but despite the fact he was granted an extension of time to file the same he failed to do so. Thereafter he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure which the Court of Criminal Appeals denied on May 12, 2009.

**Findings and Conclusions**: In his answer to the petition Respondent renumbers and reiterates the claims asserted. Jackson does not take issue with the manner in which his grounds are characterized. However, he joins issue on Respondent's assertion that certain of his claims are unexhausted. Since § 2254(b)(1)(A) prohibits a federal court from granting habeas corpus relief on unexhausted grounds, it is appropriate to begin consideration of the petition by determining whether Jackson has exhausted those claims which Respondent contends are unexhausted.

In order to exhaust state remedies a § 2254 petitioner must have presented his federal constitutional claims for review to the highest court in the state judicial system. *Picard v. Conner,* 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276 (1982). In Texas a state prisoner must present his claims to the Court of Criminal Appeals in a petition for discretionary review or in an art. 11.07 application. *See Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir. 1985). As noted above, although Jackson requested and obtained an extension of time within which to file a petition for discretionary review, he did not file his petition within the time allowed.

Therefore, the court looks to the claims asserted in his art. 11.07 application in deciding whether the exhaustion requirement has been satisfied.  *See* WR-51,631-04, denied without written order on findings of trial court without a hearing on May 12, 2009.

Respondent claims that Ground One, alleging that the trial court erred in admitting into evidence firearms seized in the course of the execution of a state search warrant was not presented the Court of Criminal Appeals.  An examination of the state habeas application confirms that this alleged erroneous evidentiary ruling was not raised.

Respondent next argues that Jackson's *Brady*[1] claim is unexhausted.  *See* Ground Two.  In his state application he claims that the State knew he did not have a firearm, citing the testimony of the arresting officers at trial.  Therefore, he raised this claim although it is clearly without merit since the prosecution did not suppress the fact that no one saw Petitioner holding a firearm in the course of the search and his subsequent arrest.

In Ground Four of his federal petition Jackson claims that his trial attorney failed to provide effective assistance of counsel.  *See also* his memorandum of law at 32-40.  In order to exhaust state remedies a state prisoner must have "fairly presented" the same claims to the state courts.  It is not sufficient merely to have relied on the same legal theory, but the state courts must have been presented with the same factual bases as well.  *See Picard v. Conner, supra,* 404 U.S. at 275-77 and *Anderson v. Harless, supra,* 459 U.S. at 6.

Jackson claimed that his trial attorney rendered ineffective assistance of counsel in his art. 11.07 application.  *See* WR-51,631-04 at 009, 014 and at 014 and 016.  A comparison of the ineffective assistance claims raised in this federal petition with those asserted in his art. 11.07

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

application reflects that the following claims were not fairly raised in his state habeas application: 4(a), (b), (d), (f), (g), (i), (j), (k) and (l).[2] Therefore, these alleged acts and omissions of the trial attorney are not exhausted and may not constitute grounds for granting habeas corpus relief. Further, relief predicated on these factual asserts is procedurally barred because Jackson would be cited for abuse of the writ were he to present these claims in a second art. 11.07 application attacking his conviction in No. F-05-50118-TNV. *See* art. 11.07 § 4 (West Supp. 1996). Each of the unexhausted allegations relates to acts or omissions which occurred prior to the conclusion of his trial for possession of a controlled substance with intent to deliver and as such could have been raised in No. WR-51,631-04. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). For the same reason relief on Grounds One and Two of his federal petition, *supra,* is procedurally barred.

In his third ground for relief Petitioner attacks the sufficiency of the evidence to support a finding that he possessed cocaine, a controlled substance, with intent to deliver. Although a sufficiency of the evidence claim ordinarily is not a basis for relief in an art. 11.07 proceeding, *See e.g. Clark v. State of Texas,* 788 F.2d 309, 310 (5th Cir. 1986) (citing *Ex Parte Coleman*, 599 S.W.2d 305, 306-07 (Tex. Crim. App. 1979)), in the present case neither the trial court's findings nor the Court of Criminal Appeals held that this claim was procedurally barred.

In order to establish an insufficiency of the evidence claim as a basis for federal habeas corpus relief a state prisoner must prove that no rational trier of fact, when viewing all the evidence admitted at trial in the light most favorable to the prosecution, could have found the facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,*

---

[2] The court has utilized the reiteration of Petitioner's claims listed at 2 and 3 of Respondent's answer.

443 U.S. 307, 318-19, 99 S.Ct. 2781 (1979).

The facts adduced at trial are summarized in the State's response to Jackson's art. 11.07 application. No. WR-51,631-04, at 023-24. The undisputed evidence was that the house on which the search warrant was executed was a "crack house," that during surveillance Jackson had been observed at the door admitting people into the house, and that he had $1,600.00 in cash in his possession when arrested along with two other individuals in the bedroom where crack cocaine, scales and a razor blade were recovered. Petitioner did not put on any evidence nor did he testify in his own behalf, no doubt because any explanation for his presence in the "crack house" or his possession of a large amount of cash would have been subject to impeachment with his prior drug convictions. *See* No. F-05-50118-TNV, indictment at second and third paragraphs. Jackson's sufficiency of the evidence claim is wholly without merit.

In his final ground for relief Petitioner attacks the representation provided by his trial attorney. Ineffective assistance of counsel claims are governed by the two-prong test enunciated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Specifically, a habeas corpus petitioner must prove that the attorney's performance fell below the minimum objective standards imposed under the Sixth Amendment and that but for the attorney's unprofessional errors, the result of the proceeding probably would have been different. Failure to establish either prong of the *Strickland* test forecloses relief on a claim of ineffective assistance of counsel.

The first claim which Jackson exhausted is his allegation that his trial attorney failed to seek a lesser included offense jury instruction. *See* Petitioner's memorandum of law at 38. The record reflects that both his attorney and counsel for his co-defendant objected to inclusion of the lesser

5

included offense in the charge to the jury. *See* No. F-05-50118-TNV, Reporter's Record, Volume 5 at 4-5. When raised in the context of his art. 11.07 application, the state trial court requested and obtained an affidavit from James C. Belt, Jr., Jackson's trial attorney. No. WR-51,631-04 at 38-39. In his findings of fact the court found that in light of the evidence presented at trial that after consultation with Jackson his attorney concluded that the inclusion of a lesser included instruction would have been fruitless. The judge also found that Jackson had failed to show how an expert's assistance would have resulted in a different outcome. *Id.* at Findings of Fact, ¶ 3 at 036. These findings of fact, adopted by the Court of Criminal Appeals, preclude proof that Jackson was prejudiced, that is - that there is a reasonably probability that had the attorney requested a lesser included offense instruction and/or that had the attorney hired an expert - that the jury would have found Petitioner "not guilty" of the offense of possession of a controlled substance with intent to deliver. Moreover, even were this court not to believe that the Texas courts were correct in rejecting Jackson's ineffective assistance of counsel claim, federal habeas corpus relief is not available because he has not made the showing required under § 2254(d)(1) or (d)(2). *See e.g. Yarborough v. Gentry,* 540 U.S. 1, 6, 124 S.Ct. 1 (2003).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the relief sought in the $2254 petition be

denied.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent..

Signed this 16th day of February, 2010.

                                         _/s/ Wm. F. Sanderson, Jr._
                                         WM. F. SANDERSON, JR.
                                         UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).